UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HACK TOWNSEND CULLING, | No. 2:22-cv-1349-WBS-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CHRISTOPHER HANSEN, | |
| Respondent. | |

Petitioner is a county jail inmate seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee. After filing this action, the court appointed counsel to represent petitioner in both this action and a related criminal action. *See* ECF No. 4 (referencing *USA v. Culling*, 2:20-cr-00029-WBS (E.D. Cal.)).

The court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases. For the reason stated below, the petition must be dismissed.

This court may entertain a challenge to custody imposed pursuant to the judgment of a state court only on the ground that such custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. For a federal court to have jurisdiction, petitioner must at the time he files his petition be in custody pursuant to the judgment of the state court. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989); *see also Carafas v. LaValle*, 391 U.S. 234, 238 (1968).

1

In a petition filed on July 29, 2022, petitioner challenges a 2016 judgment of conviction. ECF No. 1. On January 2, 2018, petitioner was sentenced to a state prison term of one year and four months. *Id.* at 1. In April of 2022, petitioner challenged the conviction in the California Supreme Court by filing a petition for writ of habeas corpus. *Id.* at 4 (referencing Case No. S273914). On July 27, 2022, the California Supreme Court denied the petition on the ground that "petitioner is not in the custody of California authorities as a result of the challenged conviction."[1] Likewise, petitioner cannot challenge the 2016 judgment in this court because he is no longer in custody as a result of that judgment. *See Woodall v. Beauchamp*, 450 F. App'x 655, 657 (9th Cir. 2011) (habeas petitioner must be in custody as a result of the challenged conviction, not on unrelated charges). Because petitioner was not in custody pursuant to the judgment of conviction when he filed his petition, this action must be dismissed for lack of subject matter jurisdiction.

Thus, it is RECOMMENDED that the petition (ECF No. 1) be DISMISSED for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing

/////

/////

---

[1] This information is available on the California Courts website, https://www.courts.ca.gov/. A court may take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

§ 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: September 16, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE